UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYWON BAKER,                              :

                         CIVIL ACTION NO. 3:21-2182

        Plaintiff             :

                         (JUDGE MANNION)

        v.                    :

M. LANDECK, *et al.,*                     :

        Defendants            :

## MEMORANDUM

## I.    Background

On December 30, 2021, Tywon Baker, an inmate housed at the State Correctional Institution, Huntingdon, Pennsylvania, filed the above captioned action. (Doc. 1). He complains of a January 6, 2020 incident which occurred at his former place of confinement, SCI-Smithfield. Id. The named Defendants are Jamey P. Luther, SCI-Smithfield Superintendent and M. Landeck, SCI-Smithfield Correctional Officer. Id.

On May 2, 2022, Plaintiff filed an amended complaint, which named Correctional Officer Landeck as the sole Defendant. (Doc. 11). Thus, Defendant Luther was terminated on May 2, 2022 as a named Defendant.

By Order dated August 8, 2022, the Court directed service of the amended complaint on Defendant Landeck, the sole remaining Defendant. (Doc. 14). On September 9, 2022, the Court received and docketed a

September 6, 2022 letter from the Pennsylvania Governor's Office of General Counsel, notifying the Court that Defendant, Mark Landeck, had passed on September 9, 2021, three months prior to Plaintiff filing the instant action. (Doc. 16).

By Order dated December 13, 2022, the Court directed that, within thirty (30) days of the date of the Court's Order, Plaintiff file a second amended complaint identifying a personal representative of Mr. Landeck. (Doc. 17).

On January 13, 2023, Plaintiff filed a second amended complaint, naming "Personal Representative of M. Landeck's Estate" to be substituted as the named Defendant. (Doc. 18). Because "Personal Representative of M. Landeck's Estate" does not identify, by name, a specific representative of Defendant's estate to be served, the above captioned action will be dismissed.

## II. Discussion

While Fed.R.Civ.P. 25(a)(1) permits substitution[1] of a party when a party dies in the course of litigation, not before the action has commenced,

---

[1] In Sinito v. U.S. Department of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999), the Court noted that Fed. R. Civ. P. 25 allows for the substitution
*(footnote continued on next page)*

Fed.R.Civ.P. 15(c) allows an amendment to relate back to the date of the

original pleading under certain circumstances:

> An amendment of a pleading relates back to the date of the
> original pleading when (1) relation back is permitted by the law
> that provides the statute of limitations applicable to the action; or
> (2) the claim or defense asserted in the amended pleading arose
> out of the conduct, transaction or occurrence set forth or
> attempted to be set forth in the original pleading; or (3) the
> amendment changes the party or the naming of the party against
> whom a claim is asserted if the foregoing provision (2) is satisfied
> and, within the period provided by Rule 4(m) for service of the
> summons and Complaint, the party to be brought in by

of a "successor" for a deceased party, a term which means that a
proper substituted party need not necessarily be the appointed
executor or administrator of the deceased party's estate. Id. Rather,
the purpose of Rule 25 is to allow more flexibility in substitution. Rende
v. Kay, 415 F.2d 983, 984 (D.C. Cir. 1969). As to who may be
substituted as a proper party it has been held that in this setting:

> [Under] certain circumstances a person may be a "successor"
> under Rule 25(a)(1) if she is (1) the primary beneficiary of an
> already distributed estate; (2) named in a will as the executor of
> the decedent's estate, even if the will is not probated; or (3) the
> primary beneficiary of an unprobated intestate estate which need
> not be probated.

In re Baycol Products Litigation, 616 F.3d 778, 784–85 (8th Cir. 2010)
(citations omitted); see also Billups v. West, No. 95 CIV.1146(KMW),
1998 WL 341939 *1 (S.D. N.Y June 26, 1998) ("Pursuant to Rule
25(a)(1)[,] a proper party for substitution is either (1) a successor of the
deceased party—a distributee of an estate if the estate of the
deceased has been distributed at the time the motion for substitution
has been made ... or (2) a representative of the deceased party—a
person lawfully designated by state authority to represent the
deceased's estate.")

- 3 -

amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)

Here, the Court permitted Plaintiff to file a second amended complaint to include the name of the personal representative of Mr. Landeck's estate. (Doc. 17). Plaintiff, however, did not do so. Plaintiff, in violation of Fed.R.Civ.P. 25(a)(1) and Fed.R.Civ.P. 15(c)(3), has failed to name a specific party against whom a claim is asserted and who could be properly served within the time frame set forth in Fed.R.Civ.P. 4(m). Consequently, the "Personal Representative of M. Landeck's Estate" is not a proper party to this action and the Court will dismiss the above captioned action.

An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**Dated:  July  21, 2023**
21-2182-01